By the Court :
It is not controverted but that in each of what the eounsel for the defendant in error admit to be two counts, there is at least one set of actionable words. If it can be permitted to embody different, distinct, and separate allegations in one count, then it become^ unnecessary to decide upon the *first point made, with respect to the validity of charging in the declaration the substance of the words only. We conceive it is the better opinion that different sets of distinct words may be charged in one count. And we are inclined to adopt this opinion from respect to the precedent in Lilly. No work upon the subject is of higher authority; and the precedent cited fully sustains the declaration in this case. The *386 ease of Tillotson and Cheatham is undoubtedly against it; but that ease is not authority here. We can only receive it as the opinion of a respectable judicial tribunal. When we receive it as such, we can not shut our eyes to the fact that the Supreme Court of the state decided differently in the same case, and that the chancellor delivered an argument against the-principle of the decision. It was a case decided between adverse political partisans, by a party tribunal, and, so far as we can see, by a party vote. Under these circumstances we can not allow it to control our own judgment.
Without committing ourselves to any positive opinion, as to the manner of charging the slanderous words, we take the occasion to say, it is safer to set them out as spoken, and not rely that to recite the substance is sufficient. The judgment must be affirmed.